# Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest to Magistrate Judge Brown

Case Name and Docket Number:     *Nicholson v. Touchbase Global Services, Inc., Riordan Maynard and Magnus Maynard*, No. 18-CV-0426 (ADS)(GRB)

Having reviewed all of the moving papers, I hereby find as follows:

**Service of Process and Default**

☒ The record reflects that proper service was made on defendant Riordan Maynard.  [DE 4-5]
☒ According to the record, no answer, motion or other appearance was filed on behalf of Riordan Maynard.
☒ The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a) [DE 7]

**Liability**

  Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir.2004); *see City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 137 (2d Cir. 2011).  Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  Based upon examination of the Complaint and motion papers, I find that plaintiff Alexis Nicholson ("plaintiff") has demonstrated that the uncontroverted allegations, without more, establish defendant Riordan Maynard's individual liability for unpaid benefit contributions and compensation and related relief under Sections 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(a) *et seq* ("ERISA") and pendant claims under New York Labor Law and state common law.

  As a general matter, a corporate employer does not have a fiduciary obligation to make trust fund contributions; rather that obligation is contractual.  *Sasso v. Cervoni,* 985 F.2d 49, 51 (2d Cir. 1993) (citing 29 U.S.C. § 1002(21)(A)).  Absent special circumstances, an individual owner or officer "is not liable for corporate ERISA obligations solely by virtue of his role as officer, shareholder, or manager."  *Id.* at 50; *see Bricklayers & Allied Craftworkers v. Moulton Masonry & Constr.,* 779 F.3d 182, 188 (2d Cir. 2015).  Thus, a director or officer "is not personally liable for is corporation's contractual breaches unless he assumed personal liability, acted in bad faith or committed a tort in connection with the performance of the contract."  *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1177 (2d Cir. 1993).  "Beyond his status within the corporate structure, the district court must examine the officer's actual role in the company's affairs and relationship to the company's wrongdoing." *Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo,* 35 F.3d 29, 33 (2d Cir. 1994); *see Trustees of the Local 813 Pension Trust Fund v. Canal Carting, Inc.,* No. 12-CV-0060 (CBA) (RLM), 2014 WL 843244, at *7 (E.D.N.Y. Mar. 3, 2014).  Here, the complaint, DE 1, alleges that defendant Riordan Maynard was a principal of the corporation, a majority shareholder,  was "the primary executive officer for the defendant Touchbase" and that he had "discretionary authority and control with respect to the Health Plan,[1] disposition of employee contributions, and compensation decisions.  Compl. ¶¶ 1, 11, 57.

  Although the complaint does not allege that Riordan Maynard signed an employment agreement with plaintiff on behalf of the corporation or in his individual capacity, "he may  nevertheless be held liable for

---

[1] The Complaint states that defendant Touchbase Global Services, Inc. is the fiduciary and plan sponsor for the health benefits plan, i.e., Health Plan, offered to its employees and is an employee welfare benefit plan within the meaning of ERISA.  Compl. ¶¶ 9-10.

breaching that agreement if the facts alleged in the complaint support piercing the corporate veil." *Badian v. Elliott,* 165 F. App'x 886, 889 (2d Cir 2006) (affirming a district court's entry of a default judgment and decision to pierce the corporate veil to hold an officer personally liable for corporate action). "New York law establishes two requirements to pierce a corporate veil and to hold an individual liable for corporate action: (1) the person must dominate the corporation, effectively dictating its action; and (2) the person must use that control to abuse[] the privilege of doing business in the corporate form by perpetrating a wrong or injustice against the plaintiff such that a court in equity will intervene." *Id.* (internal quotation marks and citations omitted). *See Lollo,* 35 F.3d at 35 (finding special circumstances justifying individual liability in cases involving fraud or facts warranting piercing the corporate veil). In this case, the complaint alleges that Riordan Maynard personally dominated and controlled the corporations, transferred funds between defendant corporation and affiliated corporations, comingled personal and corporate accounts, utilized an identical corporate name with a corporation separately franchised in another jurisdiction with the fraudulent intent to avoid corporate obligations, diverted employee contributions to the Health Plan to corporate and personal purposes, fraudulently induced plaintiff to continue performing services for defendants and misrepresented that his health benefits would be reinstated and compensation due would be paid in full. Compl. ¶¶ 21-72. Clearly, these allegations, which the undersigned accepts as true on a default, raise a plausible inference that Riordan Maynard acted in bad faith and/or perpetrated a wrong against plaintiff in connection with the corporation's performance of its obligations under the employment contract. As such, the allegations are sufficient to pierce Touchbase Global Services, Inc.'s corporate veil and hold Riordan Maynard personally liable. Accordingly, the undersigned respectfully recommends that the default judgment be entered in favor of plaintiff and against defendant Riordan Maynard.

Plaintiff has not sought a default judgment as to defendants Touchbase Global Services, Inc. and Magnus Maynard. To the contrary, in his motion papers, plaintiff requests that the claims against defendants Touchbase Global Services, Inc. and Magnus Maynard be severed and continued. DE 8 at 4. Notably, while the docket report indicates that a summons was issued to all defendants, DE 4, the proof of service filed by plaintiff references only defendant Riordan Maynard, DE 5.

*Damages*

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). "On a motion for default judgment, a plaintiff has the burden to prove damages to the court with reasonable certainty." *United States v. Ballentine,* No. 16-CV-6066 (RRM), 2017 WL 1653436, at *2 (E.D.N.Y. May 1, 2017) (internal quotation marks and citations omitted). Where, as here, defendants may be held jointly and severally liable, DE 1, and plaintiff has not sought a default against all defendants, but instead seeks to continue the action as against defendants Touchbase Global Services, Inc. and Magnus Maynard, DE 8 at 4, "the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Pennacchio v. Powers,* No. 05 CV 985 (RRM)(RML), 2010 WL 3767141, at *7 (E.D.N.Y. Aug. 9, 2010), *adopted by* 2010 WL 3744052 (E.D.N.Y. Sept. 20, 1010) (collecting cases); *see Official Committee of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman,* No. 13-CV-5475 (JS)(AKT), 2017 WL 3981299, at *2 (E.D.N.Y. Sept. 11, 2017) ("The majority of courts in this district have abided by the general rule that "where . . . an action against several defendants charges them with joint and several liability and where fewer than all defendants are in default, the preferred practice is to defer the damages inquest until after the disposition of the claims against the non-defaulting defendants.") (citations omitted). Accordingly, the undersigned respectfully recommends that the assessment of damages be deferred pending the disposition of plaintiff's claims against defendants Touchbase Global Services, Inc. and Magnus Maynard.

*Conclusion*

For the foregoing reasons, the undersigned respectfully recommends that plaintiff's motion for default judgment be granted against defendant Riordan Maynard but that the damages inquest against the defaulting defendant be deferred pending the disposition of plaintiff's claims against defendants Touchbase Global Services, Inc. and Magnus Maynard.

*Objections*

A copy of this Report and Recommendation is being electronically served on plaintiff's counsel via ECF. The Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at their last known addresses, and (2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.**  *Mejia v. Roma Cleaning, Inc.,* No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under *de novo* or any other standard, when neither party objects to those findings").  This is especially true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings."  *Mejia*, 2018 WL 4847199, at *1.

| /s/ Gary R. Brown | February 26, 2019 |
|---|---|
| GARY R. BROWN, United States Magistrate Judge | Date |