```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                                    CLERK
-------------------------------------------------------X
ALEXIS NICHOLSON,                                   10:53 am, Mar 22, 2019

                 Plaintiff,                           U.S. DISTRICT COURT
                                                   EASTERN DISTRICT OF NEW YORK
           -against-                                   LONG ISLAND OFFICE
```

**ADOPTION ORDER**
18-cv-00426 (ADS) (GRB)

TOUCHSTONE GLOBAL SERVICES, INC.,
RIORDAN MAYNARD and MAGNUS
MAYNARD,

                Defendants.
-------------------------------------------------------X

**APPEARANCES:**

**Richard J. Kaufman, Esq.**
*Counsel for Plaintiff*
    646 Main Street
    Port Jefferson, NY 11777


**NO APPEARANCES:**

*The Defendants*

**SPATT, District Judge.**

    On January 22, 2018, the Plaintiff, Alexis Nicholson, commenced this action against Touchstone Global Services, Inc., Riordan Maynard and Magnus Maynard (together the "Defendants") to foreclose a mortgage encumbering property in Central Islip, New York.

    On April 23, the Clerk of the Court issued a Certificate of Default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

    On April 26, 2018, the Plaintiff moved for a default judgment against the Defendants.

    On April 27, 2018, the Court referred this matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded.

On February 26, 2019, Judge Brown issued a Report & Recommendation ("R&R") recommending that the Plaintiff's motion for default judgment be granted against defendant Riordan Maynard but that the damages inquest against the defaulting defendant be deferred pending the disposition of the Plaintiff's claims against defendants Touchbase Global Services, Inc. and Magnus Maynard.

More than fourteen (14) days have elapsed since service of the R&R on the defaulting defendant, who has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the R&R is adopted in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
March 22, 2019

             */s/ Arthur D. Spatt*
             ARTHUR D. SPATT
            United States District Judge